UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Randolph L. Chambers

    v.                                  Civil No. 04-cv-258-JD
                                              Opinion No. 2005 DNH 170
Bruce W. Cattell, Warden,
New Hampshire State Prison


O R D E R

Randolph L. Chambers seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 from his convictions and sentences for selling and conspiring to sell heroin. Following preliminary review and a habeas petition in state court, Chambers is proceeding on claims of ineffective assistance of counsel, denial of the right to a speedy trial, and a double jeopardy violation. The warden moves for summary judgment on the grounds that the double jeopardy and speedy trial claims were procedurally defaulted, that no violation of the right to a speedy trial occurred, that Chambers was not subjected to double jeopardy, and that his counsel was not constitutionally ineffective.

Chambers opposes the warden's motion, arguing that material factual issues preclude summary judgment and that he cannot present facts essential to his opposition without discovery. Chambers raises Federal Rule of Civil Procedure 56(f) that provides: "Should it appear from the affidavits of a party

opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken."

A party who seeks the protection of Rule 56(f) must provide a plausible basis to believe that additional discovery would produce information which would raise a material factual dispute. Filiatrault v. Comverse Tech., Inc., 275 F.3d 131, 138 (1st Cir. 2001). Further, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). In habeas cases, discovery is available only "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Rule 6(a) of the Rules Governing § 2254 Cases.

Chambers states in his affidavit that discovery is necessary to determine why his trial attorney did not object to the state's use of the deposition of Scott Saltonstall at trial; to depose the trial judge about her decision to allow evidence of Chambers' sale of heroin, for which he had been previously convicted; and to depose his appellate attorney to determine why all of the issues raised in the notice of appeal were not briefed.

Chambers' requests for discovery indicate his lack of understanding of the proceedings but do not suggest that discovery would lead to factual support for his opposition to summary judgment. The issues he raises are covered in the record. A review of Chambers' claims and the record submitted in this case demonstrates that no factual issues are presented which would require amplification through discovery.

## Background

On February 12, 2001, Chambers was arrested, incarcerated, and arraigned on a charge of selling a controlled substance. He was subsequently indicted on one count of the sale of heroin to Nancy Szalucka and, in a separate indictment, on one count of conspiracy to sell more than five grams of heroin. He pleaded not guilty to both charges. He was tried and convicted on the sale of heroin charge in June of 2001.

On June 27, 2001, Chambers filed an assented-to motion to continue the trial on the conspiracy charge, which was scheduled to begin on July 16, 2001, to avoid selecting the jury from the panel that was used for Chambers' first trial. The state then moved to consolidate Chambers' conspiracy trial with the trial of Andrew Tucker, his co-conspirator, and to continue the trial until September of 2001. The state's motion to consolidate and

continue the trial was granted.

Before trial on the conspiracy charge began, the state moved to strike the reference to Nancy Szalucka in the indictment, which was granted. Chambers' attorney argued that use of evidence of that sale against Chambers violated the prohibition against double jeopardy and New Hampshire Rule of Evidence 404(b). Evidence of Chambers' sale of heroin to Szalucka was allowed at trial but was limited by instruction to the conspiracy charge against Tucker.

Scott Saltonstall, another participant in drug activities with Chambers and Tucker, was scheduled to testify as a witness for the state. On the day he was expected to testify, Saltonstall was at the courthouse in a holding cell when he refused to testify and invoked his Fifth Amendment right not to do so. Saltonstall also refused the state's offer of use immunity because of the potential of federal prosecution based on his testimony. Based on those circumstances, the trial judge found that Saltonstall was unavailable and allowed the state to present Saltonstall's deposition at trial. Chambers' attorney did not object to using the deposition. Chambers was convicted on the conspiracy charge.

On appeal from the sale conviction, Chambers raised issues of late discovery and the jury's consideration of the transcript

of an audio recording.  On appeal from the conspiracy conviction, Chambers raised issues of late discovery, speedy trial, venue, double jeopardy, inadmissible evidence of prior bad acts, and the evidence used to show the substance was heroin.  The only issues briefed on appeal, however, were whether the evidence of the sale to Szalucka was inadmissible bad act evidence and whether it was error to allow the jury to have the transcript of the audiotape of the recorded sale during deliberations.  The New Hampshire Supreme Court issued a brief order on November 13, 2003, in which it affirmed Chambers' convictions, finding that the transcript issue was not properly preserved and that because the evidence of the sale to Szalucka was admitted only against Tucker, no violation of Rule 404(b) occurred.

Chambers filed a petition for a writ of habeas corpus and a motion to proceed in forma pauperis in this court on July 12, 2004.  In response to the magistrate judge's preliminary review, which allowed Chambers to file an amended petition to demonstrate that the issues he raised had been exhausted, Chambers filed a petition for habeas corpus in state court.  His petition was denied on February 10, 2005, as follows:  "The petition is denied on the grounds that it is apparent from the application that the defendant is not entitled to the relief requested."  The New Hampshire Supreme Court declined his appeal on May 5, 2005.

## Discussion

In support of his petition for habeas relief, Chambers contends that his trial counsel was constitutionally ineffective in failing to object to the use of Scott Saltonstall's deposition at trial, that he was denied his right to a speedy trial, and that he was subjected to double jeopardy due to the state's use of evidence of his sale of heroin to Szalucka during his conspiracy trial. The warden argues that he is entitled to summary judgment because the speedy trial and double jeopardy claims were procedurally defaulted and Chambers cannot show cause and prejudice to overcome the default. The warden also argues that he is entitled to summary judgment on the merits of the claims.

### A. Procedural Default

The doctrine of procedural default "has its roots in the general principle that federal courts will not disturb state court judgments based on adequate and independent state law procedural grounds." Dretke v. Haley, 541 U.S. 386, 392 (2004). Therefore, "[g]enerally, habeas review is precluded when a state court reaches its decision on an independent and adequate state law ground." Horton v. Allen, 370 F.3d 75, 80 (1st Cir. 2004). An exception to the rule exists when a habeas petitioner can show

6

cause and prejudice for the procedural default or that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the substantive offense." Dretke, 541 U.S. at 393 (internal quotation marks omitted).

In this case, however, the state court did not base its decision on state law grounds. The superior court stated only that Chambers' petition was denied "on the grounds that it is apparent from the application that the defendant is not entitled to the relief requested." In the absence of any further explanation, this court cannot assume that the superior court found Chambers had defaulted his claims.[1] The supreme court declined to accept the appeal without giving a reason. Therefore, the procedural default doctrine is inapplicable in this case.

B.  Standard of Review

The strict and deferential standard of review provided in 28 U.S.C. § 2254(d) applies only to claims that were adjudicated on the merits by the state court. Fortini v. Murphy, 257 F.3d 39,

---

[1] Procedural default would not have been applicable to Chambers' ineffective assistance of counsel claim, which was dismissed on the same grounds as the other claims, suggesting that procedural default may not have been the basis of the superior court's decision. See Humphrey v. Cunningham, 133 N.H. 727, 732 (1990).

47 (1st Cir. 2001). When, as here, the state court did not address the merits of the claims, this court reviews the claims under a de novo standard. Dugas v. Coplan, 428 F.3d 317, 327 (2005).

C.  Ineffective Assistance of Counsel

Chambers contends that his trial counsel was constitutionally ineffective because he did not object to the state's use of Scott Saltonstall's deposition, when Saltonstall was at the courthouse in a holding cell and, therefore, physically available to testify at trial. "An ineffective assistance of counsel claim requires the petitioner to demonstrate (1) that 'counsel's representation fell below an objective standard of reasonableness,' and (2) 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Dugas, 428 F.3d at 327 (quoting Strickland v. Washington, 466 U.S. 668, 694 (1984)). To show that counsel's representation fell below an objective standard of reasonableness, Chambers must establish that his "counsel's performance was deficient in some way sufficiently substantial to deny him effective representation." United States v. Grace, 367 F.3d 29, 37 (1st cir. 2004).

The circumstances Chambers challenges do not show a

deficient performance by trial counsel.  In <u>Crawford v. Washington</u>, 541 U.S. 36, 68 (2004), the Supreme Court held that the Sixth Amendment precluded the use of testimonial hearsay unless the witness was unavailable and the defendant had a prior opportunity to cross examine the witness.  A witness is unavailable for purposes of testifying in a criminal trial if, as Saltonstall did, he has invoked his right under the Fifth Amendment not to testify.  <u>United States v. DeLuca</u>, 137 F.3d 24, 38 (1st Cir. 1998).  It is undisputed that Chambers' trial counsel cross-examined Saltonstall as part of the deposition that was read at Chambers' trial.  Therefore, Chambers' counsel's failure to object to the state's use of Saltsonstall's deposition was not deficient representation because the use of the deposition was both lawful and appropriate.

D.  <u>Speedy Trial</u>

Chambers contends that the time between his arrest on February 12, 2001, and the beginning of his conspiracy trial on September 18, 2001, was sufficiently long to violate his right to a speedy trial.  The Sixth Amendment guarantees a criminal defendant the right to a speedy trial.  <u>United States v. Casas</u>, 425 F.3d 23, 33 91st Cir. 2005).  If the time between a defendant's arrest or indictment, whichever occurs first, and his

trial approaches one year or more, the delay is presumptively prejudicial, requiring a further inquiry into the circumstances that caused the delay.  Doggett v. United States, 505 U.S. 647, 651-52 (1992); United States v. Vega Molina, 407 F.3d 511, 533 (1st Cir. 2005); Rashad v. Walsh, 300 F.3d 27, 33-34 (1st Cir. 2002).  When further inquiry is required, the court considers four factors: the length of delay, reasons for the delay, whether the defendant asserted his speedy trial right, and whether any prejudice was caused by the delay.  Barker v. Wingo, 407 U.S. 514, 530-32 (1972); Casas, 425 F.3d at 33.

   The time between Chambers' arrest and his trial on the conspiracy charge was seven months and six days.  In other cases, courts have found that a seven month delay was not presumptively prejudicial.  See, e.g., United States v. Lozano, 413 F.3d 879, 883 (8th Cir. 2004) (repeating previous holding that "a little over seven months was too brief a delay to trigger review of a defendant's Sixth Amendment speedy trial claim"); Hurn v. McGuire, 2005 WL 1076100, at *6 (D. Kan. May 6, 2005) (holding that delay of less than eight months not presumptively prejudicial and citing cases); United States v. Cervantes, 897 F. Supp. 24, 28 n.1 (D.P.R. 1995) ("An exhaustive survey of published federal speedy trial cases in which presumptive prejudice was considered reveals that to date the shortest delay

10

deemed presumptively prejudicial is around seven and one-half months.").

Even if the delay of seven months and six days were deemed to require additional inquiry, the remaining Barker factors predominate against finding a speedy trial violation.  The reasons for delaying the conspiracy trial were to consolidate Chambers' case with that of his co-conspirator, Tucker, and because neither Chambers nor Tucker wanted to draw a jury from the panel that had been used to draw the jury for Chambers' trial on the selling charge.  Those were legitimate reasons for a short delay in the trial date.  Although Chambers did assert his right to a speedy trial, he has not shown that he suffered any actual prejudice as a result of the delay.  Therefore, Chambers has not shown that he was convicted in violation of his Sixth Amendment right to a speedy trial.

E.  Double Jeopardy

The Double Jeopardy Clause of the Fifth Amendment protects defendants from being prosecuted twice for the same offense. U.S. Const. Amend. V; Witte v. United States, 515 U.S. 389, 395 (1995).  Chambers argues that the state violated the Double Jeopardy Clause by introducing evidence, during his conspiracy trial, of his sale of heroin to Szalucka, which was the basis of

his conviction on the sale charge.  He contends that because the jury considered that evidence in convicting him of conspiracy he was tried twice for that offense.

As the warden points out, the substantive crime of selling heroin is a different offense from the crime of conspiracy to sell heroin.  See <u>United States v. Fornia-Castillo</u>, 408 F.3d 52, 69 (1st Cir. 2005).  Therefore, if Chambers had been prosecuted for conspiracy to sell heroin to Szalucka in the second trial, after his conviction on the selling charge, that prosecution would not have violated the Double Jeopardy Clause.  More importantly, that is not what happened in this case.  Instead, the government's conspiracy case against Chambers was predicated on sales to people other than Szalucka.  The evidence of the sale to Szalucka was limited to the state's case against Chambers' co-conspirator, Tucker.  No double jeopardy violation occurred.

## Conclusion

For the foregoing reasons, the warden's motion for summary judgment (document no. 19) is granted.  The petition for a writ

of habeas corpus is denied.  The clerk of court shall enter judgment accordingly and close the case.

    SO ORDERED.

                                              _____
                                              Joseph A. DiClerico, Jr.
                                              United States District Judge

December 20, 2005

cc:  Randolph L. Chambers, pro se
     Susan P. McGinnis, Esquire